**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

IN RE:
JOSEPH LAMONTE HUMPHREY                           Case No. 19-01078-5-JNC
       Debtor
_____

JOSEPH LAMONTE HUMPHREY
       Plaintiff,                                                    Adversary Proceeding
v.                                                                     No.:

CYPRUS FINANCE COMPANY
       Defendant

**COMPLAINT TO AVOID TRANSFER**

PRELIMINARY STATEMENT

1. That this is an action by Debtor-Plaintiff, Joseph Lamonte Humphrey (hereinafter "Debtor") pursuant to 11 U.S.C. §522 (h) and (i) and 11 U.S.C §547 to avoid the involuntary transfer of property from Debtor-Plaintiff to Defendant.

JURISDICTION

2. That jurisdiction of the United States Bankruptcy Court over this matter is provided by 28 U.S.C. §§ 151, 157 and 1334 as amended.

3. That debtor-plaintiffs' claim for relief is a core proceeding under 11 U.S.C. § 522 (h) and (i) to avoid a transfer.

PARTIES

4. That the debtor is an individual residing in Northampton County, North Carolina, and filed a petition in bankruptcy under Chapter 7 on March 8, 2019.

5. That upon information and belief defendant Cyprus Finance Company is a corporation located in Virginia Beach, Virginia authorized to do business in the state of North Carolina.

FACTUAL ALLEGATIONS

6. The debtor involuntarily transferred the following property to defendant, totaling $1,264.11:

    a. Garnishments of wages from debtor Joseph Humphrey's paycheck in the amount of $100.68 on March 7, 2019 which was received by the defendant herein.

      b. Garnishments of wages from debtor Joseph Humphrey's paycheck in the amount of $83.71 on February 28, 2019 which was received by the defendant herein.

      c. Garnishments of wages from debtor Joseph Humphrey's paycheck in the amount of $158.26 on February 21, 2019 which was received by the defendant herein.

      d. Garnishments of wages from debtor Joseph Humphrey's paycheck in the amount of $62.66 on February 14, 2019 which was received by the defendant herein.

      e. Garnishments of wages from debtor Joseph Humphrey's paycheck in the amount of $158.87 on February 7, 2019 which was received by the defendant herein.

      f. Garnishments of wages from debtor Joseph Humphrey's paycheck in the amount of $164.44 on January 31, 2019 which was received by the defendant herein.

      g. Garnishments of wages from debtor Joseph Humphrey's paycheck in the amount of $135.90 on January 24, 2019 which was received by the defendant herein.

      h. Garnishments of wages from debtor Joseph Humphrey's paycheck in the amount of $198.04 on January 17, 2019 which was received by the defendant herein.

      i. Garnishments of wages from debtor Joseph Humphrey's paycheck in the amount of $99.20 on January 10, 2019 which was received by the defendant herein.

      j. Garnishments of wages from debtor Joseph Humphrey's paycheck in the amount of $102.35 on January 3, 2019 which was received by the defendant herein.

7. Debtor has claimed the property as exempt in Schedule C-1 filed with the Court.

8. On April 9, 2019, the Trustee submitted a "Chapter 7 Trustee's Report of No Distribution" in the Debtor's pending Chapter 7 bankruptcy.

## CLAIM FOR RELIEF

9. Debtor could have exempted such property under 11 U.S.C. § 522(g)(1) if the Trustee had attempted to avoid the transfer. The Debtor did not conceal the property.

10. The Trustee could have avoided the transfer under 11 U.S.C. §547 because:

   a. The wage garnishments occurred on or within ninety (90) days before the date of the filing of the petition;
   b. At the time of such transfer, defendant was a creditor of debtor on account of debts assigned to Defendant;
   c. Said transfer of property, described in subparagraph (a) above, was intended by the parties as payment for the debt described in subparagraph (b) above;
   d. At the time of such transfer of property, debtor was insolvent; and
   e. Due to the above described transfer of property, defendant received more than defendant would have received if the case were a case under chapter 7 of the Bankruptcy Code, the transfer had not been made, and defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

11. The Trustee did not attempt to avoid the transfer. Therefore, the Debtor may avoid the transfer under 11 U.S.C. §522(h).

12. Debtor could have exempted such property under 11 U.S.C. § 522(b) and did exempt such property.

WHEREFORE, debtor prays the Court for the following relief:

1. To avoid the involuntary transfer of property from debtor to defendant; and

2. Order defendant to return the sum of $1,264.11 to debtor herein within 30 days of the entry of the Judgment.

This the 11th day of April, 2019

                        SOSNA LAW OFFICES, PLLC


                        By: s/Palmer E. Huffstetler, III
                              Palmer E. Huffstetler, III
                              Attorney for Debtor
                              3031 Zebulon Road
                              Rocky Mount, NC 27804
                              (252) 937-3027
                              NC Bar No.:  47818